IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VOLVO FINANCIAL SERVICES, a division of
VFS US LLC,

Plaintiff,

vs.

CENTUR INC. EXP., CEZAR ROBERTS, and
CORNERSTONE STORAGE, LLC,

Defendants.

**8:23CV67**

**TEMPORARY ORDER IN REPLEVIN
AND NOTICE OF HEARING**

WHEREAS the Court finds that Rule 64 of the Federal Rules of Civil Procedure provides that, at the commencement of and throughout any action in federal court, every remedy is available that, under the law of the state where the court is located, provides for seizing property to secure satisfaction of a potential judgment, expressly including an action for replevin, however designated and regardless of whether state procedure requires an independent action;

AND WHEREAS the Court finds Neb. Rev. Stat. § 25-1093 provides that the plaintiff in an action to recover the possession of specific personal property may, at the commencement of the suit, or any time before answer, request the delivery of such property as provided by Neb. Rev. Stat. §§ 25-1093 to 25-1098, 25-10,109, and 25-10,110;

AND WHEREAS the Court finds that Plaintiff Volvo Financial Services, a division of VFS US LLC, (VFS) has established by the affidavit of Tara Disher Maxey, a Senior Litigation and Bankruptcy Specialist for VFS, attached to this Temporary Order, the following requirements of Neb. Rev. Stat. § 25-1093.01:

(1) that the property at issue is a 2019 Volvo semitruck, model no. VNL64T760, VIN 4V4NC9EH9KN872378 (the Collateral);

1

(2) that VFS has a security interest in the Collateral as a first lienholder, as evidenced by a Certificate of Title filed with the Wyoming Department of Transportation on or about January 13, 2022, and that VFS is entitled to possession of the Collateral because

    (a) Defendant Centur Inc. Exp. (Borrower) failed to adhere to its payment obligations under the Credit Sales Contract for the purchase of the Collateral, assigned to VFS, and Borrower is therefore in default; and

    (b) Defendant Cezar Roberts (Guarantor) executed a Continuing Guaranty in favor of VFS on or around November 24, 2021, (the Guaranty), but Guarantor has failed to cure Borrower's default pursuant to the Guaranty, and Guarantor is therefore in default of the Guaranty;

(3) that the Collateral is wrongfully detained by Defendant Borrower, Defendant Guarantor, and Defendant Cornerstone Storage, LLC (Cornerstone) (collectively Defendants) at a storage facility owned and operated by Cornerstone at or near 8787 S. 192nd Street, Omaha, NE 68136, because VFS is entitled to take possession of the Collateral under the terms of the Credit Sales Contract;

(4) that the Collateral was not taken in execution on any order or judgment against VFS, or for the payment of any fine, tax, or amercement assessed against VFS or by virtue of an order of delivery issued under Chapter 25, or any other mesne or final process issued against VFS; and

(5) that attached to Ms. Maxey's affidavit is a specific request for the delivery of the property and the issuance of an order by the Court to that effect;

AND WHEREAS the Court finds that upon the filing of such affidavit and request for delivery required by Neb. Rev. Stat. § 25-1093.01, where the defendants do not have full knowledge of the allegations and effect of the plaintiff's request and have not agreed that such

2

delivery in replevin be had, Neb. Rev. Stat. § 25-1093.02 provides that the court shall issue a temporary order addressed to the defendants that they shall hold the property described in the affidavit in their possession, unimpaired, and unencumbered, and in all respects in the same state and condition as at the time of receipt of the order, until further order of the court;

IT IS ORDERED that the Defendants, and each of them, shall hold the property described in the certified copy of Affidavit attached to this Order as follows:

A 2019 Volvo semitruck, model no. VNL64T760, VIN 4V4NC9EH9KN872378 (the Collateral)

in their possession, unimpaired, and unencumbered, and in all respects in the same state and condition as at the time of receipt of this Temporary Order, until further Order of this Court.

IT IS FURTHER ORDERED that any Defendant that fails to comply with this Temporary Order shall be subject to the full contempt powers of this Court, as provided by Neb. Rev. Stat. § 25-1093.02.

AND IT IS FURTHER ORDERED that, as required by Neb. Rev. Stat. § 25-1093.02, the parties are notified that a hearing will be held at 9:00 a.m. on Friday, March 3, 2023, in Courtroom Five at the Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE 68102, at which hearing the Court will determine VFS's right to possession of the 2019 Volvo semitruck, model no. VNL64T760, VIN 4V4NC9EH9KN872378 (the Collateral), and request for delivery, pending final determination of the merits. At such hearing the Defendants shall each show cause why the possession of the 2019 Volvo semitruck in question should not be delivered to VFS, as provided by Neb. Rev. Stat. § 25-1093.02. Plaintiff shall effect service of this Temporary Order not less than seven days prior to the hearing or shall notify the Court of failure of such timely service and request a continuance of the hearing, as provided by Neb. Rev. Stat. § 25-1093.02.

Because VFS's Affidavit and request for delivery were filed at the commencement of suit, pursuant to Neb. Rev. Stat. § 25-1093.03, VFS is directed to submit such Affidavit and request for delivery and this Temporary Order containing the notice of hearing for service by the sheriff or other officer with the summons.

Dated this 23rd day of February, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge

4