IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VOLVO FINANCIAL SERVICES, a division of VFS US LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>CENTUR INC. EXP., CEZAR ROBERTS, and CORNERSTONE STORAGE, LLC,<br><br>    Defendants. | **8:23CV67**<br><br>**ORDER CANCELLING HEARING ON SHOW CAUSE HEARING AND REFERRING MATTER TO MAGISTRATE JUDGE FOR A STATUS CONFERENCE** |

  This case is before the Court on email correspondence received by the Court, copies of which are attached, concerning plaintiff VFS's Motion for Replevin, Filing 2, and the Show Cause Hearing required by Neb. Rev. Stat. § 25-1093.02, currently set for Monday, April 3, 2023, at 9:00 a.m. Also pending before the Court are three motions by defendant Cezar Roberts individually and as President of defendant Centur Inc. Exp.: (1) Roberts's Motion for Dismissal [of] One of the Defendants – Cornerstone Storage LLC, Filing 27; (2) Roberts's Motion for Continuance Pending Motion for Dismissal in Nebraska District Court, Filing 28; and (3) Roberts's Motion to Dismiss the Case and Return Improperly Repossessed Property, Filing 30.

  The Court notes that there is still no indication in the record that Roberts or either of the other defendants has been properly served with the Complaint and the Court's Temporary Order or that Roberts or Centur Inc. Exp. has been served with the Orders resetting the Show Cause Hearing in this matter. Roberts has indicated in his Motion for Continuance that he is aware of this action because a friend and "silent partner" had been contacted by one of VFS's attorneys. The Court has considerable doubt that Roberts has waived service by filing motions essentially challenging the Court's subject matter jurisdiction, but that is just one matter that may have to be resolved in this case.

1

The Court also notes that Roberts cannot property represent either corporate defendant. A corporation or limited liability corporation—such as Centur Inc. Exp. and Cornerstone are each purported to be—cannot litigate in this forum without representation by licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347–48 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . ."); *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."). Thus, Roberts cannot seek dismissal of Cornerstone or represent Centur, and once those entities are properly served, they must appear through licensed counsel. As a consequence of this circumstance, Roberts's Motion for Dismissal [of] One of the Defendants – Cornerstone Storage LLC, Filing 27, is denied because Roberts cannot bring such a motion on Cornerstone's behalf. Likewise, Roberts can only assert his Motion to Dismiss the Case and Return Improperly Repossessed Property, Filing 30, on his own behalf but not on behalf of Centur.

The Court concludes further that Roberts's Motion To Dismiss the Case and Return Improperly Repossessed Property, Filing 30, moots his Motion for Continuance Pending Motion for Dismissal in Nebraska District Court, Filing 28. This is so because the Motion for Continuance asked the Court "to give the Defendant sufficient time for preparation and proper serving [of] the cross motion in this case as Defendant strongly believes that after presentation of facts by him the case will be dismissed in this Court." Filing 28 at 2. The Motion to Dismiss makes the anticipated presentation. Filing 30 at 1–4.

Turning to the email correspondence, yesterday evening a member of the Court's staff received an email from counsel for VFS notifying the Court that VFS has recovered the collateral

at issue in this litigation and asserting that there is therefore no need for the Show Cause Hearing on VFS's Motion for Replevin. Exhibit 1. The email added that, in light of Roberts's recent filings, VFS is asking the Court for guidance as to cancellation of the hearing set for April 3, 2023, or holding a status conference. Exhibit 1. This email was followed a few hours later by an email from Roberts asserting, *inter alia*, that VFS is asking the Court to overlook important issues but also acknowledging that the property at issue is now in the possession of VFS and seeking its return to Roberts to assist in the formulation and implementation of his plan in bankruptcy. Exhibit 2 at 1. Roberts also requested that a Zoom meeting take place. Exhibit 2 at 1.

The Court notes that in his Motion to Dismiss the Case and Return Improperly Repossessed Property, [Filing 30](#), Roberts represents that "[t]he property was intercepted by Plaintiff's repossession crew on or about March 18, 2023." Exhibit 2 at 2 (¶ 5). If that is indeed the case, the Court questions why VFS did not notify the Court considerably sooner that the Show Cause Hearing scheduled for April 3, 2023, would not be necessary. Nevertheless, under the circumstances, it is clear that the Show Cause Hearing is no longer appropriate, and it will be cancelled. It is also clear that a status conference to determine how this matter should proceed is appropriate. However, the Court concludes that this matter can and will be referred to United States Magistrate Judge Michael D. Nelson to schedule and hold a status conference on how this matter should proceed. Although the Federal Rules of Civil Procedure and the Court's local rules provide the timing and procedures for disposition of Roberts's Motion to Dismiss, it may be appropriate in the circumstances presented for Judge Nelson to set a briefing schedule on that motion and to address other matters.

Accordingly,

IT IS ORDERED that

1. Roberts's Motion for Dismissal [of] One of the Defendants – Cornerstone Storage LLC, Filing 27, is denied without prejudice to Cornerstone bringing its own motion because Roberts cannot represent Cornerstone;

2. Roberts's Motion for Continuance Pending Motion for Dismissal in Nebraska District Court, Filing 28, is denied as moot because Roberts subsequently filed the anticipated Motion to Dismiss; and

3. Roberts's Motion to Dismiss the Case and Return Improperly Repossessed Property, Filing 30, is denied without prejudice to Centur Inc. Exp. bringing such a motion on its own behalf, where Roberts cannot represent Centur Inc. Exp. in these proceedings, but the Motion to Dismiss remains pending as to dismissal of this action against Roberts individually.

IT IS FURTHER ORDERED that

1. the Show Cause Hearing required by Neb. Rev. Stat. § 25-1093.02, currently set for Monday, April 3, 2023, at 9:00 a.m., is cancelled; and

2. this case is referred to United States Magistrate Judge Michael D. Nelson to schedule and hold a status conference on a briefing schedule on the remaining part of Roberts's Motion to Dismiss and to determine what further proceedings or other action may be appropriate.

As with prior Orders, where there is still no evidence of service of the Complaint on any defendants, plaintiff VFS is required to serve this Order on all Defendants.

Dated this 29th day of March, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge