IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VOLVO FINANCIAL SERVICES, a division of VFS US LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CENTUR INC. EXP., CEZAR ROBERTS, and CORNERSTONE STORAGE, LLC, <br><br> Defendants. | 8:23CV67 <br><br> SECOND ORDER TO SUPPLEMENT THE RECORD |

This case is before the Court once again on plaintiff Volvo Financial Services' August 15, 2023, Motion for Default Judgment against Centur Inc., Exp., and Cezar Roberts. Filing 47. The Court has reviewed the Affidavit of Benjamin J. Court in Response to Order to Supplement the Record, Filing 54, and finds that Volvo Financial Services has still failed to produce evidence and a clear explanation of how it calculated the per diem rate for interest. Filing 53 at 2. Plaintiff's affidavit did not properly answer the Court's request to provide evidence and clear steps for how Plaintiff arrived at the $28.14 per diem rate for interest. Instead, Volvo's filing was dismissive and simply stated that "[t]he per diem rate for pre-judgment interest based upon the principal deficiency balance following disposition of the underlying collateral is $28.41." Filing 54 at 1 (¶ 3). It then simply reiterated that "[t]he per diem rate for post-judgment interest is $28.14." Filing 54 at 1 (¶ 4). The mystery number here is the "principal deficiency balance." Filing 54 at 1 (¶ 3). The Court has attempted a variety of calculations based upon information in this record but has been unable to yield the $28.14 per diem rate at 18% per annum from any number or combination of numbers set forth in the affidavits supporting the original Motion for Default Judgment. Filing 49, Exs. A and B.

1

Federal Rule of Civil Procedure 55(b)(2) provides in pertinent part that "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence. . . ." Fed. R. Civ. P. 55(b)(2). Because the Court "may" conduct such a hearing, the Court believes that it may also obtain necessary evidence by filing of appropriate affidavits and exhibits.

The Court has lost patience with counsel's failure to submit a request for default judgment on which the Court could rule. This matter is simple—Volvo needs to provide calculations that the Court can reproduce.

Accordingly,

IT IS ORDERED that plaintiff Volvo Financial Services shall have seven (7) days from the date of this Order within which to file an accounting showing item-by-item the calculation of the principal deficiency balance, showing step-by-step the calculation of the per diem rate for pre- and post-judgment interest, and an accounting that shows each sum and the total amount claimed as of October 27, 2023, including pre-judgment interest.

IT IS FURTHER ORDERED that if plaintiff Volvo Financial Services fails to make the required submission within the time provided, the Motion for Default Judgment will be denied without further notice.

Dated this 30th day of October, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge